UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JUDELINE JOSEPH, individually and on :
behalf of all others similarly situated :
:
                    Plaintiff, :     **MEMORANDUM & ORDER**
:
            -against- :     18 Civ. 4457 (LDH) (VMS)
:
ACTION FINANCIAL SERVICES, LLC, :
:
                  Defendant. :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Presently before the Court is Plaintiff's request for an extension of the discovery deadline in order to take the deposition of a representative of non-party Core Recoveries, Inc. ("Core Recoveries"). See ECF No. 24. For the reasons set forth below, Plaintiff's request is denied.

      A Scheduling Order was entered in this action on October 30, 2018, ECF No. 16, pursuant to which the deadline to complete discovery was March 4, 2019. At the initial conference, the Court questioned the need for such a lengthy discovery period in light of the nature of this case, which alleges that language included in a letter sent to Plaintiff violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e). The Scheduling Order stated that counsel are "encouraged to confer as to whether non party discovery is need."

      The Parties submitted a joint status letter on February 13, 2019, stating that paper discovery was complete and that depositions of Plaintiff and Defendant were scheduled for March 1, 2019 and March 4, 2019, respectively. ECF No. 17. The letter stated: "Outside of depositions, and subject to any calls for production made at those times, the parties believe that discovery is otherwise complete." Id. The letter further stated: "As to Defendant's deposition,

Plaintiff has inquired whether the proper deponent is Action Financial Services, LLC or Core Recoveries, and awaits a response from Defendant's counsel." Id.

At a Status Conference before the undersigned on February 20, 2019, Plaintiff's counsel requested leave to take the deposition of Core Recoveries in the event counsel believed it to be necessary after Defendant's March 4, 2019 deposition. According to Plaintiff's counsel, there were numerous references to Core Recoveries in Defendant's "account notes," and Plaintiff's counsel "just recently learned" that Core Recoveries was Defendant's subcontractor. Upon questioning by the Court regarding timing, it was confirmed by counsel for both sides that Defendant's counsel produced the referenced "account notes" with its Rule 26 Initial Disclosures on November 2, 2018, and produced them again as part of Defendant's discovery responses on December 18, 2018. Plaintiff's counsel first asked Defendant's counsel about Core Recoveries shortly before the February 2019 Status Conference. The Court denied Plaintiff's request at the Status Conference for failure to offer good cause to extend the discovery deadlines. See ECF No. 21. The Court stated that if after the Defendant's deposition, Plaintiff's counsel believes he is able to demonstrate good cause, he would not be precluded from making another application.

On March 4, 2019, the date of Defendant's deposition, and the last date of discovery, the Parties submitted a joint status report, in which Defendant requested a sixty-day extension of the discovery period "to allow Plaintiff to depose Core Recoveries." See ECF No. 24. According to Plaintiff's counsel, "Defendant's deponent testified that the entire collection file had been sub-contracted out to Core Recoveries, Inc., and that any letters or communications issued in the name of Action Financial Services were issued at the request of Core Recoveries, and that Action Financial had no direct involvement in the matter." Id. Defendant opposed the discovery extension request, noting that the testimony of its representative at the deposition was that "the

letters are sent out on behalf of [Defendant], [Defendant] authorizes the letters to be sent out, and [Defendant] is the only party that controls the content of the letters." Id.  At the Court's request, Plaintiff's counsel subsequently filed the entire deposition transcript.  See ECF No. 25-1.

Where, as here, the Court has entered a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court-ordered schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Whether good cause exists turns on the diligence of the moving party."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted).  "With respect to a request to extend discovery, the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order."  Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. July 15, 2016); see Carlson v. Geneva City Sch. Dist., 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (holding that defendants established good cause to extend discovery in order to conduct plaintiff's deposition where defense counsel made sufficient efforts to schedule her deposition prior to the close of discovery); cf. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (upholding denial of further discovery where the party "had ample time in which to pursue the discovery that it now claims is essential").

Here, Plaintiff's counsel had the "account notes" that gave rise to Plaintiff's interest in Core Recoveries since November 2, 2018, and he did not ask Defendant's counsel about the nature of Defendant's relationship with Core Recoveries until February 2019, despite the Court's instruction at the Initial Conference to consider the need non-party discovery.  The Court finds that Defendant has failed to demonstrate diligence or other good cause that would warrant modifying the discovery schedule.

In addition, the Court notes that Defendant's representative testified that Core Recoveries did not send any letters to the Plaintiff directly, that all letters are sent under Defendant's authority, and that Core Recoveries does not have any control over the content of letters.  See ECF No. 25-1 at 22:11-13, 40:20-41:8, 43:21-23.  Thus, to the extent Plaintiff's request to depose a representative of Core Recoveries is in contemplation of amending the complaint to add Core Recoveries as a defendant, the deposition testimony does not support such an amendment and would be well beyond the Court's deadline of January 25, 2019 to amend the pleadings.  See Scheduling Order, ECF No. 16.

The Court certifies discovery as complete as of the date of this Order.  Counsel are referred to the District Court Judge's Individual Rules for the schedule for dispositive motion practice and pretrial preparation.

**SO ORDERED.**

Dated: Brooklyn, New York
April 19, 2019

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge